## IN THE COURT OF APPEALS OF IOWA

No. 15-0344
Filed December 21, 2016

**JAMIE LEE COLE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Delaware County, Thomas A. Bitter, Judge.

Applicant appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee State.

Heard by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Jamie Lee Cole appeals the denial of his application for postconviction relief. In his application, Cole raised two separate claims of ineffective assistance of counsel: the first related to his guilty plea to assault with intent to commit sexual abuse in 2004 (FECR 0055913); and the second related to his guilty plea to domestic abuse assault with injury in 2012 (SRCR 008538). On appeal, Cole raises a third claim: his postconviction counsel was ineffective in failing to present certain evidence in support of his claims.

As a general rule, we review the district court's postconviction ruling for the correction of legal error. *See Houston v. State*, No. 14-0631, 2015 WL 2394090, at *1 (Iowa Ct. App. May 20, 2015). We are bound by the district court's findings if they are supported by substantial evidence. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). We review the district court's legal conclusions and application of the law for legal error. *See Claybon v. State*, No. 12-1396, 2014 WL 1999057, at *1 (Iowa Ct. App. May 14, 2014). We review de novo claims of ineffective assistance of counsel, including claims of ineffective assistance of postconviction counsel. *See Zaabel v. State*, No. 15-0220, 2016 WL 4035236, at *2 (Iowa Ct. App. July 27, 2016).

To succeed on a claim of ineffective assistance of counsel, Cole must prove "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Failure to prove either element is fatal to the claim." *Zaabel*, 2016 WL 4035236, at *2. To prove the prejudice element, Cole must show "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. The same elements apply to Cole's claim of ineffective assistance of postconviction counsel. *See Schertz v. State*, 380 N.W.2d 404, 412 (Iowa 1985) ("The same standards that we apply to trial counsel competency also apply to subsequent counsel, and the client bears the same burden of proof to establish the ineffectiveness of counsel."); *Sinclair v. State*, No. 04-1013, 2005 WL 1224762, at *3 (Iowa Ct. App. May 25, 2005) ("To establish the ineffective assistance of his trial, appellate, or postconviction counsel, [the applicant] must prove" the *Strickland* elements).

We address Cole's first claim. Cole contends his 2004 guilty plea to assault with intent to commit sexual abuse was not knowingly made because his counsel misadvised Cole that he would not have to register as a sex offender. Cole directly appealed his conviction and sentence. *See State v. Cole*, No. 06-0579, 2007 WL 257856, at *1–2 (Iowa Ct. App. Jan. 31, 2007). The opinion notes Cole asserted his counsel had misinformed him about the sex offender registry requirement. *See id.* This court rejected Cole's argument and affirmed his conviction and sentence. *See id.* at *2–3. Procedendo issued in 2007. Cole filed the instant application for postconviction relief in 2012. The district court dismissed Cole's challenge to his 2004 guilty plea as time-barred. *See* Iowa Code § 822.3 (2015) (providing for a three-year statute of limitations); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *1 (Iowa Ct. App. July 30, 2014).

Cole contends the district court erred in dismissing his claim because the statute of limitations "does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. To meet the test for this exception, the asserted ground of fact must be one that could not have been presented during the applicable time period and that is relevant to the challenged conviction. *See Zaabel*, 2016 WL 4035236, at *3 (citing *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003)). Cole alleges his plea counsel admitted in a hearing in another matter held in 2012 that plea counsel misadvised Cole regarding the sex offender registry requirement with respect to the 2004 conviction. Cole contends this is a "ground of fact" within the meaning of under section 822.3.

We conclude the district court did not err in denying Cole's claim as time-barred. First, Cole misapprehends the "ground of fact" exception. Here, the "ground of fact" purportedly entitling Cole to relief is the fact his plea counsel misadvised him of the requirement Cole would have to register as a sex offender. Cole confuses the distinction between the ground-of-fact exception to the statute of limitations and a claim of "newly discovered evidence" as a ground for substantive relief. *See Zaabel*, 2016 WL 4035236, at *5 ("Even a claim of newly discovered evidence within the meaning of section 822.2(1)(d) must be presented within the three-year limitations period set forth in section 822.3. If the claim is presented outside the limitations period, as a threshold to consideration on the merits, the applicant must establish the claim relies on a ground of fact that could not have been raised within the limitations period within the meaning of section 822.3 as interpreted in *Harrington*."). When properly understood, even

assuming Cole's plea counsel admitted in 2012 to misadvising Cole, plea counsel's admission is merely additional evidence of the same underlying "ground of fact." Second, a "ground of fact" does not meet the exception if the applicant knew of the fact prior to the expiration of the statute of limitations. *See id.* Here, Cole knew his counsel allegedly misadvised him at the time sentence was imposed and Cole learned he would have to register as a sex offender. He even raised the issue in his direct appeal. Cole's trial counsel's alleged admission in 2012 to misadvising Cole does not change the fact that Cole could have raised this claim within the limitations period and deposed his former counsel to obtain the same information.

Related to this first claim, Cole contends his postconviction-relief counsel was ineffective in failing to procure and introduce into evidence a transcript of the hearing in which Cole's 2004 plea counsel allegedly admitted to misadvising Cole or in failing to have Cole's 2004 plea counsel testify during the postconviction-relief hearing. Cole contends the record is inadequate to resolve this claim, and he requests we preserve the claim for further postconviction-relief proceedings. We decline to do so. First, there is no statutory authority to preserve a claim of ineffective assistance of postconviction counsel. *See Yocum v. State*, No. 15-0545, 2016 WL 6652322, at *2 n.1 (Iowa Ct. App. Nov. 9, 2016). Iowa Code section 814.7(3) authorizes the preservation of ineffective-assistance-of-counsel claims on direct appeal from a "criminal proceeding." Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter

822."). "[P]ostconviction relief proceedings are not criminal proceedings, but rather are civil in nature and are triable at law to the court." *Jones v. State*, 479 N.W.2d 265, 269 (Iowa 1991). Because a postconviction-relief proceeding is a civil proceeding rather than a "criminal proceeding," section 814.7(3) is inapplicable here. Second, the record is adequate to resolve the claim. Cole cannot establish prejudice because, even assuming postconviction counsel procured the witness or the transcript and proved the alleged admission, the claim would remain time-barred for the above-stated reasons.

We address Cole's second claim of ineffective assistance of counsel. By way of background, in 2010 Cole pleaded guilty to several offenses and was sentenced to two indeterminate terms of incarceration not to exceed two years with each of those sentences to run consecutive to each other and consecutive to a third sentence of incarceration of one year, for a total of five years' incarceration. The sentencing court suspended the sentences and placed Cole on probation. In 2012, Cole pleaded guilty to domestic abuse assault and stipulated to violating the terms of his probation. The district court revoked Cole's probation and imposed the original sentences to be served concurrent to Cole's sentence for domestic abuse assault. In his application for postconviction relief, Cole contends his counsel misadvised him regarding the revocation of his probation. Specifically, he contends his counsel advised him that the district court would revoke probation with respect to two of the three sentences and Cole would be incarcerated for only three years. Interestingly, Cole does not challenge his stipulation to violating the terms and conditions of his probation.

Instead, he argues he would not have pleaded guilty to domestic abuse assault if he would have known the true duration of his probation-revocation sentence.

We conclude Cole failed to meet his burden in proving ineffective assistance of counsel. *See Straw*, 708 N.W.2d at 133. First, Cole failed to establish his plea counsel breached a constitutional duty. The only evidence Cole provides in support of his claim is his own self-serving testimony. The documents in the file are directly contrary to Cole's testimony. Cole initialed and signed his plea agreement and signed a stipulation to violating the terms and conditions of his probation. The signed documents provide Cole would serve the "original sentences," which total five years. There is no document supporting Cole's contention the district court intended to impose only two of the three suspended sentences. In addition, Cole's plea counsel testified at the post-conviction hearing that he did not recall telling Cole that only two of the three suspended sentences would be imposed following probation revocation. Under the circumstances, like the district court, we find Cole's claim not credible. *See State v. Tate*, No. 04-1690, 2005 WL 1398269, at *3 (Iowa Ct. App. June 14, 2005); *McLemore v. State*, No. 02-846, 2004 WL 355699, at *3 (Iowa Ct. App. Feb. 27, 2004). Second, Cole failed to establish prejudice. There is little evidence Cole would have rejected the plea agreement and insisted on going to trial on the domestic abuse case if he had known about the length of the sentences imposed upon revocation of his probation. It appears the strength of the State's case with respect to the domestic abuse charge was strong and Cole received substantial concessions in exchange for his guilty plea. The district

court did not err in denying Cole's application for postconviction relief on this issue.

For the foregoing reasons, we affirm the judgment of the district court denying Cole's application for postconviction relief.

**AFFIRMED**.